IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FIRST TIME VIDEOS, LLC and AF HOLDINGS, LLC ) ) ) Plaintiff, ) ) v. ) ) JOHN DOE, ) ) Defendant. ) ) ) | CASE NO.: Judge: Magistrate Judge: **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, First Time Videos, LLC., and AF Holdings, LLC, by and through its undersigned counsel, hereby files this Complaint requesting damages and injunctive relief, and alleges as follows:

### INTRODUCTION

1. This action has been filed by Plaintiffs to combat the willful and intentional infringement of its copyrighted creative works and includes a civil claim for copyright infringement. Plaintiffs had previously filed an action for copyright infringement under the United States Copyright Act and related claims against multiple John Does, including the John Doe known to Plaintiffs and identified in this Complaint only by his Internet Protocol ("IP) address of 76.30.171.63 as to the action with Plaintiff First Time Videos and IP address 76.30.171.63 as to the action with AF Holdings, LLC. Through this action, now dismissed, Plaintiffs were able to identify the account holder corresponding to the relevant IP address above as TINGWEI & CHINATSU LEE-ORORI. Plaintiffs requires further discovery to determine

who the Defendant is.  The relevant knowledge, records, and data necessary to identify Defendant are in the sole possession and control of TINGWEI & CHINATSU LEE-ORORI.

2. Plaintiffs file this action for copyright infringement under the United States Copyright Act and a related civil conspiracy claim under the common law to combat the willful and intentional infringement of its creative works.  Defendant John Doe, whose name Plaintiffs expect to ascertain during discovery, illegally reproduced and distributed Plaintiffs' copyrighted video by acting in concert with others via the BitTorrent file sharing protocol and upon information and belief, continues to do the same.  Plaintiffs seek a permanent injunction, statutory or actual damages, award of costs and attorney's fees, and other relief.

## THE PARTIES

3. Plaintiff, First Time Videos, LLC, is a limited liability company organized and existing under the laws of the State of Nevada.  Plaintiff is the exclusive holder of the relevant rights with respect to the copyrighted creative works at issue in this Complaint.  Plaintiff is a producer of adult entertainment content.  Plaintiff invests significant capital in producing the content associated with its brand and has produced substantial numbers of videos and photographs.  The copyrighted work at issue here is one of these adult videos, "FTV – Tiffany" (the "Video").

4. Plaintiff AF Holdings, LLC, is a limited liability company organized and existing under the laws of the Federation of Saint Kitts and Nevis.  Plaintiff is the exclusive holder of the relevant rights with respect to the copyrighted creative work at issue in this Complaint.  The unique copyrighted work at issue in this complaint is an adult video entitled "Sexual Obsession" (the "Video").

5. Defendant's actual name is unknown to Plaintiffs. Instead, Defendant is known to Plaintiffs only by the IP address 76.30.171.63 as to the action with Plaintiff First Time Videos and IP address 76.30.171.63 as to the action with AF Holdings, LLC. The IP address is a number that is assigned to devices, such as computers, that are connected to the Internet. In the course of monitoring Internet-based infringement of its copyrighted content, Plaintiffs' agents observed the above-mentioned IP address engaging in infringing activity. Plaintiffs believe that the Defendant's true identity will be revealed in discovery, at which time Plaintiffs will seek leave of the Court to amend this Complaint to state the identity, if necessary. Further, Plaintiffs believe that the information gathered in discovery will allow Plaintiffs to identify additional Defendants, potentially, as infringement monitoring is ongoing.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked under 17 U.S.C. §§ 101-1332 as the Plaintiffs' cause of action arises under the Copyright Act; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

7. Venue in this District is proper under 28 U.S.C. §§ 1391(b) and/or 1400(a). Although the true identity of each Defendant is unknown to Plaintiffs at this time, on information and belief each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of the Plaintiffs exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which Plaintiffs have exclusive rights. Such unlawful distribution occurred in every jurisdiction in the United States, including this one.

## BACKGROUND

8. BitTorrent is a modern method ("protocol") for distributing data via the Internet.

9. Traditional file transfer protocols involve a central server, which distributes data directly to individual users. Under such protocols, a central server can become overburdened and the rate of data transmission can slow considerably or cease altogether when large numbers of users request data from the server all at once. In addition, the reliability of access to the data stored on a server is largely dependent on the server's ability to continue functioning for prolonged periods of time under high resource demands.

10. In contrast, the BitTorrent protocol is a decentralized method of distributing data. Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data directly to one another. Under the BitTorrent protocol, every user simultaneously receives information from and transfers information to one another.

11. In BitTorrent vernacular, individual downloaders/distributors of a particular file are called peers. The aggregate group of peers involved in downloading/distributing a particular file is called a swarm. A server which stores a list of peers in a swarm is called a tracker. A computer program that implements the BitTorrent protocol is called a BitTorrent client. Each swarm is unique to a particular file.

12. The BitTorrent protocol operates as follows. First, a user locates a file (a "torrent" file) that contains background information about the file the user wishes to download along with a list of trackers that maintain a list of peers in the swarm that is distributing that particular file. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the trackers listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing

data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

13. Recent advances in the BitTorrent protocol have reduced the importance of trackers. The introduction of distributed hash tables allows participating peers to serve as "mini-trackers". The peer-exchange protocol allows peers to share information about other peers in the swarm, which was previously an exclusive function of trackers.

14. The degree of anonymity provided by the BitTorrent protocol is extremely low. Because the protocol is based on peers connecting to one another, a peer must broadcast identifying information (i.e. an IP address) before it can receive data. Nevertheless, the actual names of peers in a swarm are unknown, as the users are allowed to download and distribute under the cover of their IP addresses. The BitTorrent protocol is an extremely popular method for transferring data. Studies have estimated that the BitTorrent protocol accounts for as much as half of all Internet traffic in certain parts of the world. The size of swarms for popular files can reach into the tens of thousands of unique peers. A swarm will commonly have peers from many, if not every, state in the United States and several countries around the world.

15. The BitTorrent protocol is also an extremely popular method for unlawfully copying, reproducing and distributing files in violation of the copyright laws of the United States. A broad range of copyrighted albums, audiovisual files, e-books, photographs, software and other forms of media are available for illegal reproduction and distribution via the BitTorrent protocol.

16. Efforts at combatting BitTorrent-based copyright infringement have been stymied by BitTorrent's decentralized nature. Because there are no central servers to enjoin from

unlawfully distributing copyrighted content, there is no primary target on which to focus anti-piracy efforts. Indeed, the same decentralization that makes the BitTorrent protocol an extremely robust and efficient means of transferring enormous quantities of data also acts to insulate it from efficient anti-piracy measures.

### INFRINGING CONDUCT

17. Defendant, without Plaintiffs' authorization or license, intentionally downloaded torrent files, purposefully loaded the torrent files into BitTorrent clients, entered a BitTorrent swarm particular to Plaintiffs' copyrighted creative works and reproduced and distributed the same to hundreds of third parties.

### COUNT I – COPYRIGHT INFRINGEMENT
### (U.S. Copyright Act – 17 U.S.C. Sec 101-1332)

18. Plaintiffs incorporate by reference allegations 1 through 17 above as if set forth fully herein.

19. At all times relevant hereto, Plaintiffs has been the producer and owner of the photographic and audiovisual works copied, reproduced and distributed by Defendant via the BitTorrent protocol.

20. Defendant has never been authorized by Plaintiffs to reproduce or distribute the Plaintiffs' copyrighted creative works.

21. Defendant's conduct infringes upon Plaintiffs' exclusive rights of reproduction and distribution that are protected under the Copyright Act.

22. Defendant knew, should have known, or had constructive knowledge that his acts constituted copyright infringement.

23. Defendant's conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiffs' rights.

24. Plaintiffs have been damaged by Defendant's conduct, including but not limited to economic and reputation losses.  Plaintiffs continue to be damaged by such conduct, and have no adequate remedy at law to compensate the Plaintiffs for all the possible damages stemming from the Defendant's conduct.

25. Plaintiffs hereby reserves the right, pursuant to 17 U.S.C Sec 504(c ), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

26. As Defendant's infringement was intentional and willful, the Plaintiffs are entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

27. As a result of their wrongful conduct, Defendant is liable to Plaintiffs for copyright infringement pursuant to 17 U.S.C. §§ 101-1332.

## COUNT II – CIVIL CONSPIRACY
### (Florida Common Law Tort)

28. Plaintiffs hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

29. In using the peer-to-peer BitTorrent file distribution method, Defendant participated in, aided in, attempted to aid in, or at least knew of the formation and operation of a common-plan conspiracy to unlawfully reproduce and distribute the Video in a unique and specific torrent swarm.  Defendant engaged in concerted tortious action with other unnamed third-party individuals to reproduce and distribute Plaintiffs' Videos by mutually exchanging pieces of the Video files.

30. Defendant was an active participant in downloading a torrent file, opening it using

a BitTorrent client, and then entering a torrent swarm comprised of other individuals improperly distributing and reproducing Plaintiffs Videos without permission.

31. Participants in the unique and specific torrent swarm distributing the Video file – including Defendant – have conspired to provide other individuals with pieces of the Video file in exchange for receiving other pieces of the same Video file, with the mutual goal and result of eventually obtaining complete copies of the Video.

32. In furtherance of this civil conspiracy, Defendant committed overt tortious and unlawful acts by using BitTorrent software to download the Video from and distribute it to others, and was a willful participant in this joint activity.

33. As a proximate result of this conspiracy, Plaintiffs have been damaged by Defendant's conduct, including but not limited to economic and reputation losses. Plaintiffs continue to be damaged by such conduct, and have no adequate remedy at law to compensate the Plaintiffs for all the possible damages stemming from the Defendant's conduct.

## JURY DEMAND

34. Plaintiffs hereby demands a jury trial in this case.

## PRAYER

**WHEREFORE**, Plaintiffs, First Time Videos, LLC, and AF Holdings, LLC, respectfully requests judgment against each Defendant as follows:

1) Judgment against Defendant that he or she has: a) willfully infringed Plaintiffs' rights in federally registered copyrights pursuant to 17 USC Sec 501; and b) otherwise injured the business reputation and business of Plaintiffs by Defendant's acts and conduct set forth in this Complaint.

2) Judgment in favor of the Plaintiffs against Defendant for actual damages or statutory damages pursuant to 17 USC Sec 504 at the election of Plaintiffs, in an amount to be ascertained at trial;

3) Order of impoundment under 17 USC Sec 503 & 509 (a) impounding all infringing copies of Plaintiffs' audiovisual works, photographs or other materials, which are in Defendant's possession or under his or her control.

4) On Count II an order that Defendant is jointly and severally liable to the Plaintiffs in the full amount of the Judgment on the basis of common law claim for civil conspiracy to commit copyright infringement against Defendant and his or her co-conspirators; for an award of compensatory damages in favor of the Plaintiffs and against Defendant and his or her co-conspirators, jointly and severally, in an amount to be determined at trial;

5) Judgment in favor of Plaintiffs against the Defendant awarding the Plaintiffs attorney's fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action; and

6) Judgment in favor of the Plaintiffs against the Defendant, awarding Plaintiffs declaratory and injunctive or other equitable relief as may be just and warranted under the circumstances.

Intentionally left blank

Respectfully submitted,

FIRST TIME VIDEOS, LLC.
AF HOLDINGS, LLC.

**DATED:** February 10, 2012

By: /s/ Douglas M. McIntyre_____
Douglas M. McIntyre (Bar No. 13681800)
Attorney at Law
720 N. Post Oak, Rd
Ste 610
Houston, TX 77024
houstonbusinesslaw@gmail.com
T. 713-365-9886
F. 713-461-3697
*Attorney for Plaintiff*